**Vichy SETIAWAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Vichy Setiawan, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

**Nos. 04–75561, 05–71413.**

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2007.*

Filed June 27, 2007.

Eugene C. Wong, Esq., Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, THOMAS, and BEA, Circuit Judges.

MEMORANDUM **

Vichy Setiawan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). The IJ found Setiawan had not suffered past persecution on a protected ground, nor had he demonstrated a well-founded fear of future persecution. Setiawan also petitions for review of the BIA's denial of his motion to reopen and reconsider based on changed circumstances. The BIA found that even if native Chinese, homosexuals and Buddhists are disfavored groups in Indonesia, Setiawan failed to show he would individually be targeted for persecution. We have jurisdiction under 8 U.S.C. § 1252(a), and we affirm. Because the parties are familiar with the facts, we do not recite them here.

Setiawan introduced evidence of discrimination on the basis of his Chinese ethnicity, but the evidence does not rise to the level of persecution. *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). Therefore, Setiawan did not demonstrate past persecution. *Deloso v. Ashcroft,* 393 F.3d 858, 863–64 (9th Cir.2005) (as amended).

Setiawan did not demonstrate a well-founded fear of future persecution. *Abedini v. INS,* 971 F.2d 188, 191 (9th Cir.1992). Rather, Setiawan introduced evidence of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

discrimination and harassment which does not rise to the level of persecution. *Ghaly,* 58 F.3d at 1431. Further, there is no evidence that Setiawan would individually be targeted if he returned to Indonesia. *See Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998).

"Having failed to establish a well founded fear of persecution, [Setiawan] necessarily failed to surmount the higher standard to establish a 'clear probability' of persecution which is required for withholding of deportation." *Chanco v. INS,* 82 F.3d 298, 303 (9th Cir.1996) (quoting *Ramos–Vasquez v. INS,* 57 F.3d 857, 862 (9th Cir.1995)).

To qualify for relief under CAT, Setiawan must establish that it is "more likely than not" that he would be tortured if he returned to Indonesia. *Nuru v. Gonzales,* 404 F.3d 1207, 1216 (9th Cir.2005). Because that is a higher standard than required for asylum or withholding of removal, Setiawan also failed to meet the standard for relief under CAT.

The BIA did not abuse its discretion in denying Setiawan's motion to reopen and reconsider based on this court's decision in *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir. 2004). As an ethnic Chinese Indonesian, Setiawan is a member of a disfavored group. However, Setiawan did not meet his burden of demonstrating he faces a particularized threat of persecution. *See Kotasz v. INS,* 31 F.3d 847, 852 (9th Cir. 1994).

Setiawan also asserts he is a member of two disfavored subgroups: ethnic Chinese homosexuals and ethnic Chinese Buddhists. Setiawan introduced no evidence that ethnic Chinese Buddhists face a greater or more particularized threat of persecution than ethnic Chinese generally, nor did Setiawan testify that he subjectively fears persecution on the basis of his religion. *Id.* Even if, as Setiawan asserts,

ethnic Chinese homosexuals are a disfavored subgroup, Setiawan did not meet his burden of demonstrating he faces a particularized threat of persecution. *Id.* Therefore, the BIA did not err in denying Setiawan's motions to reopen and reconsider.

**PETITIONS FOR REVIEW DENIED.**